JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 13–7106 DSF (CWx) | Date | 11/27/13 |
|---|---|---|---|
| Title | Mary Stringer v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case

    This case was removed on the basis of diversity jurisdiction on September 25, 2013. Because the Court does not have subject matter jurisdiction over this matter, the case is REMANDED. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

    Plaintiff Mary Stringer is a citizen of California and Wells Fargo maintains its principal place of business in California. Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. According to the Ninth Circuit, "[s]tates in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained." Am. Sur. Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943) (American Surety). The Supreme Court has more recently stated "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office . . . is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). Wells' Fargo's main office is located in South Dakota. However, "district courts should consider themselves bound by . . . intervening higher authority and reject the prior opinion of [the Ninth Circuit] as having been effectively overruled" only "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003). Applied here, American Surety and Schmidt are not "clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

irreconcilable."  Although Schmidt held that a national bank is located in the state containing its main offices, it did not hold that this was the *exclusive* location.  Indeed, in a footnote, the Supreme Court implied that it did not reach this issue:  "The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide."  Schmidt, 546 U.S. at 317 n.9.  Because the holdings of both Schmidt and American Surety can be reconciled, this Court is bound by both.  Therefore, Wells Fargo is a citizen of both South Dakota and California, and the parties are not completely diverse.

      IT IS SO ORDERED.